UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCA MORALEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>CLAIM JUMPER ACQUISITION COMPANY LLC,<br><br>    Defendant. | Case No. 3:18-cv-01410-JD<br><br>**ORDER RE ATTORNEY'S FEES AND COSTS**<br><br>Re: Dkt. No. 32 |

In this dispute under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12182, 12183, and the California Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51, 51.5, plaintiff Moralez requests reasonable attorney's fees and costs incurred in prevailing against defendant Claim Jumper Acquisition Company LLC ("Claim Jumper"). All of plaintiff's claims against defendant except for this issue were resolved by a settlement agreement between the parties. Dkt. No. 32-2, Exh. A. Moralez requests $36,781.09 in attorney's fees, costs, and litigation expenses against Claim Jumper in one lump sum, a procedure to which the defendant did not object. The Court found these matters suitable for resolution without oral argument. Dkt. No. 36; *see* N.D. Cal. Civil L.R. 7-1(b). Fees, costs, and litigation expenses are awarded to plaintiff in the amount of $36,781.09.

Under the ADA, the Court "may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. A plaintiff who enters "into a legally enforceable settlement agreement against the defendant" is a "prevailing party" in our circuit. *Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1134 (9th Cir. 2002). Moreover, as part of the settlement, Claim Jumper agreed to "not dispute that Plaintiff is the prevailing party in this

Action, but shall instead only be entitled to dispute the reasonableness of Plaintiff's request for fees and costs." Dkt. No. 32-2, Exh. A at 7. A fee award is perfectly appropriate on this record.

The next question is whether the requested fees are reasonable. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Plaintiff's attorney provided her time records, which present in a lodestar format the time spent on specific tasks by each lawyer and paralegal, and the amount billed for these tasks. Dkt. Nos. 32-2, 32-4, 32-6, 32-8. The Court's review of the attorney time entries shows that they were consistent with good practices in terms of detail and specificity. Moralez's lawyer seeks an hourly rate of $475, and $175, $150, and $120, respectively, for three paralegals. She supports these hourly rates by citing to fee awards in another case in our district that approved identical rates. Dkt. No. 32 at 14-15. Claim Jumper does not dispute that the rates claimed by plaintiff are reasonable. Dkt. No. 33 at 2, 5. Overall, defendant has not tendered any evidence that might call into question the reasonableness and fairness of the hourly rates and total fees plaintiff's counsel seeks.

Claim Jumper does argue that Moralez's billing related to the motion for fees and costs should be discounted. It says that briefing on reasonableness of rates, as well as a "groundless request for an automatic grant of her motion based on her perceived deficiencies in the meet and confer process" were "unnecessary and all of Plaintiff's time entries related to preparing this motion should be reduced accordingly." Dkt. No. 33 at 5-6.

These points are not well taken. Moralez's arguments about the reasonability of her attorney's rates are necessary to her claim for fees, not unnecessary briefing ineligible for fees. As for Claim Jumper's discussion of a "groundless request for an automatic grant," the Court finds that claim is not so baseless as to be ineligible for fees. *See Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). The Court also finds that plaintiff has properly accounted for her legal fees attributable to the previous defendant in the case, Pacific Hart Commons.

Defendant's contention that Moralez should not have included expert fees in her request is equally unpersuasive. Claim Jumper's only argument is that such recovery is not permitted under

2

California law. Dkt. No. 33 at 8. But Moralez claims her right to expert fees under federal law, specifically under 42 U.S.C. § 12205's provision for "litigation expenses and costs." *See* Dkt. No. 32 at 13. That section has been held by our circuit to provide "direct authority for the award of expert witness fees." *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002). Given this Court's authority under federal law to award such fees and the lack of any other evidence in the record that the requested costs are unreasonable, the full amount of requested costs will be awarded, including the expert fees.

Nothing in the record indicates that this case should depart from the general rule of awarding fees and costs to successful ADA litigants. Consequently, fees, costs, and litigation expenses are awarded to plaintiff in the amount of $36,781.09. Defendant is ordered to pay that amount to plaintiff by July 11, 2019.

**IT IS SO ORDERED.**

Dated: June 11, 2019

JAMES DONATO
United States District Judge